O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ANTHONY JESUS SALDANA,** | ) | NO. CV 14-1396-RT (MAN) |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER DISMISSING |
| v. | ) ) | COMPLAINT WITH LEAVE TO AMEND |
| **JAMES E. HENNING, Warden, et al,** | ) ) | |
| Defendants. | ) ) | |

On March 5, 2014, plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

Congress has mandated that courts perform an initial screening of *in forma pauperis* civil rights actions. This Court "shall dismiss" an *in forma pauperis* civil rights action if it concludes that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2).

In screening a *pro se* civil rights complaint, the Court must construe its allegations liberally and must afford the plaintiff the benefit of any doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). The standard applicable on screening is the standard for failure to state a claim

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* The complaint need not contain detailed factual allegations, but must contain sufficient factual matter to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). If a complaint is dismissed, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Weilburg v. Shapiro</u>, 488 F.2d 1202, 1205 (9th Cir. 2007); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

## ALLEGATIONS OF THE COMPLAINT

The defendants in the action are the Los Angeles County Sheriff's Department ("Sheriff's Department") and Deputy Haggerty, sued in his individual and official capacities. (Complaint at 2.) Plaintiff alleges that, on February 24, 2012, Deputy Haggerty "initiated a false violation" by pulling plaintiff over for not wearing a seatbelt. (Complaint at 3.) Haggerty then beat and choked plaintiff. (*Id.* at 2, 3.) Plaintiff sustained a fractured elbow, bruises, scrapes, and cuts. (*Id.* at 3.)

Plaintiff asserts a single claim for excessive force. (Complaint at 2-3.) He does not specify what relief he seeks. (*Id.* at 4.)

## DISCUSSION

I

**I.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE SHERIFF'S DEPARTMENT AND HAGGERTY IN HIS OFFICIAL CAPACITY.**

Despite the paucity of plaintiff's factual allegations, the Court finds that, at the screening level, they are sufficient to state a Fourth Amendment excessive force claim against Deputy

Haggerty in his individual capacity.[1]  See Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989) (the objective unreasonableness standard of the Fourth Amendment governs claims for excessive force in an arrest, investigatory stop, or other seizure of a free person).

To allege a Section 1983 claim against an individual defendant such as Haggerty, plaintiff need only allege a constitutional deprivation inflicted on him by that defendant.  To allege a Section 1983 claim against a local governmental entity such as the Sheriff's Department, more is needed.  Plaintiff must allege a constitutional deprivation and a policy, custom, or practice of the Sheriff's Department that was the "moving force" of the constitutional deprivation.  Monell v. Department of Social Services, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007).

The Sheriff's Department, as a local governmental entity, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38.  Thus, a local governmental entity is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Id. at 690-91, 98 S. Ct. at 2035-36.

---

[1]  Plaintiff has not identified the constitutional basis for his claim in the Complaint.  He must do so in his amended complaint.  In addition, given that his excessive force claim only barely withstands screening, plaintiff should plead the events of February 24, 2012, in more factual detail if possible.

Here, plaintiff does not identify any policies or customs that were the moving force of his beating at the hands of Deputy Haggerty. Indeed, plaintiff does not allege that Haggerty was acting pursuant to any policy or practice of the Sheriff's Department. This deficiency mandates the dismissal of plaintiff's claim against the Sheriff's Department. See Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38; see also Iqbal, 556 U.S. at 680-81, 129 S. Ct. at 1951 (requiring specific allegations regarding the policy at issue in a civil rights case).

Plaintiff's claim against Deputy Haggerty in his official capacity is merely another way of pleading a claim against the Sheriff's Department. See Monell, 436 U.S. at 690 n.55, 98 S. Ct. at 2035 n.55 (an official capacity claim is merely another way of pleading a claim against the governmental entity of which the official is an agent). Thus, plaintiff's official capacity claim against Haggerty fails for the same reason as his claim against the Sheriff's Department. Moreover, since plaintiff has sued the Sheriff's Department directly, it is redundant to sue Haggerty in his official capacity as well. See Luke v. Abbott, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (if municipal entity is named as defendant, it is unnecessary and improper to name officer in his official capacity).

Accordingly, plaintiff's claim against the Sheriff's Department and his official capacity claim against Deputy Haggerty must be dismissed.

**II.  PLAINTIFF MUST SPECIFY THE RELIEF HE SEEKS.**

Plaintiff has left the "Request for Relief" portion of the form complaint blank and nowhere specifies the relief he seeks. (Complaint at 4.) In order to state a claim for relief, a complaint must include "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). The Complaint fails to comply with Rule 8(a)(3) and must be dismissed for that additional reason. In any amended complaint he files, plaintiff must state the relief he seeks.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted 30 days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein. The First Amended Complaint, if any, shall be complete in and of itself. It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that his failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: April 1, 2014

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE